**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ELVIN K. CURRY, Jr., <br> # M-03359, <br><br> Plaintiff, <br><br> vs. <br><br> DR. CALDWELL <br> and ILLINOIS DEPARTMENT OF <br> CORRECTIONS, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 14-cv-01161-NJR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Elvin Curry, an inmate at Vandalia Correctional Center ("Vandalia"), brings this action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that during his incarceration at Vandalia he was denied adequate medical care for a knee injury, knee tumor, and osteoarthritis. He now sues his treating physician, Dr. Caldwell ("Defendant Caldwell"), and the Illinois Department of Corrections ("IDOC") under the Eighth Amendment and Illinois negligence law (Doc. 1, pp. 6-11). Plaintiff seeks monetary damages (Doc. 1, p. 10).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009). After reviewing the allegations in light of this standard, the Court finds that the complaint survives preliminary review under Section 1915A.

### The Complaint

According to the complaint, Plaintiff was diagnosed with a knee injury and osteoarthritis, following a fall on Vandalia's gym floor on February 19, 2014[1] (Doc. 1, p. 6). He was not examined by a medical provider in Vandalia's healthcare unit ("HCU") until February 24th. Plaintiff's treating physician, Defendant Caldwell, did not provide him with a knee brace until March 3rd. Plaintiff returned to the HCU in pain on April 10th, but five days passed before he was referred to Defendant Caldwell for another appointment.

---

[1] All of the events in the complaint occurred in 2014.

At the appointment, Defendant Caldwell took an x-ray of Plaintiff's knee. The x-ray allegedly revealed that his knee was "bad." Defendant Caldwell diagnosed Plaintiff with osteoarthritis. He explained that this condition would eventually affect Plaintiff's joints, hands, hips, and lower back (Doc. 1, p. 7). It would also cause severe pain and could prevent Plaintiff from working. The complaint alleges that medication, physical therapy, and surgery are among the few treatments available for this condition.

Rather than providing Plaintiff with any of these forms of treatment, however, Plaintiff was given a single crutch on May 9th. He was allowed to keep it for four days. Once it was taken away, Plaintiff fell again.

On June 10th, Plaintiff fell while trying to climb up onto his bunk bed (Doc. 1, p. 8). An x-ray confirmed that the osteoarthritis had spread to Plaintiff's hip, and he was in need of hip replacement surgery. Plaintiff claims that he also should have been given a low bunk permit and prescribed COX-2 for pain, but he was provided with neither. In addition, Defendant Caldwell failed to diagnose or treat a bony tumor located on Plaintiff's knee, which Plaintiff first learned about when reviewing his medical file on June 26th. Defendant Caldwell never revealed, diagnosed, or treated the tumor.

Plaintiff now sues Defendant Caldwell and the IDOC for depriving him of adequate medical care, in violation of the Eighth Amendment, and committing medical malpractice, in violation of Illinois state law (Doc. 1, p. 10). He seeks only monetary relief (Doc. 1, p. 11).

## Discussion

After carefully considering the allegations, the Court finds that the complaint states no claim against the IDOC under the Eighth Amendment or Illinois negligence law. Further, although a colorable Eighth Amendment claim (**Count 1**) has been articulated against

Defendant Caldwell, the Illinois state negligence claim (**Count 2**) against the same defendant shall be dismissed without prejudice.

**IDOC as Defendant**

Plaintiff's claims against the IDOC fail in their entirety. The IDOC is a state government agency. The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under [Section] 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Wynn v. Southward*, 251 F.3d 588, 592 (7th Cir. 2001) (Eleventh Amendment bars suits against states in federal court for money damages); *Billman v. Ind. Dep't of Corr.*, 56 F.3d 785, 788 (7th Cir. 1995) (state Department of Corrections is immune from suit by virtue of Eleventh Amendment); *Hughes v. Joliet Corr. Ctr.*, 931 F.2d 425, 427 (7th Cir. 1991) (same); *Santiago v. Lane*, 894 F.2d 219, 220 n. 3 (7th Cir. 1990) (same). Plaintiff's claims for money damages against the IDOC are therefore barred by the Eleventh Amendment.

Moreover, no other claim, such as a state law negligence claim, has been stated against the IDOC. This defendant is mentioned only in the case caption and nowhere in the narrative portion of the complaint. Therefore, the Court cannot ascertain what claims, if any, Plaintiff has against the IDOC.

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is

and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Thus, where a plaintiff has not included a defendant in his statement of the claim, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Furthermore, merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption.").

For these reasons, the IDOC must be dismissed as a defendant, and the dismissal shall be with prejudice.

**<u>Count 1 – Eighth Amendment Medical Needs Claim</u>**

Plaintiff shall be allowed to proceed with an Eighth Amendment deliberate indifference to medical needs claim (**Count 1**) against Defendant Caldwell, based on the doctor's alleged failure to adequately treat Plaintiff's knee injury, knee tumor, osteoarthritis, and related pain. The Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*). To state a claim, a plaintiff must show that: (1) the medical condition was objectively serious; and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard. *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint suggests that Plaintiff's knee injury, knee tumor, and osteoarthritis are objectively serious medical conditions. These conditions allegedly caused Plaintiff pain and prevented him from safely moving about the prison without sustaining further injuries.

A condition that results in further significant injury or unnecessary and wanton infliction of pain if left untreated can be serious, even if it is not life threatening. *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010). At this early stage, the complaint suggests that these conditions are objectively serious.

The complaint also suggests that Defendant Caldwell responded to Plaintiff's request for medical care with deliberate indifference. Defendant Caldwell allegedly failed to treat Plaintiff's pain. *See Brown v. Darnold*, 505 Fed. Appx. 584, *3 (7th Cir. 2013) ("A deliberate refusal to treat treatable pain can rise to the level of an Eighth Amendment violation."). Defendant Caldwell also offered Plaintiff none of the acceptable forms of treatment for osteoarthritis and provided Plaintiff with a crutch for four days, three months after his knee injury initially occurred. At this early stage, the complaint states sufficient allegations to support a deliberate indifference claim against Defendant Caldwell. Accordingly, **Count 1** shall proceed against this defendant.

**Count 2 – Illinois Negligence Claim**

In addition, Plaintiff alleges that Defendant Caldwell was negligent (**Count 2**) in the treatment of his knee injury, knee tumor, osteoarthritis, and pain. A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995); *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). As the Seventh Circuit has made clear, "medical malpractice in the form of an incorrect diagnosis or improper treatment does not state an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1374 (7th Cir. 1997). *See also Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference.").

However, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), so long as the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho-Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)). While this Court has supplemental jurisdiction over the state law negligence claim arising from Defendant Caldwell's failure to diagnose and/or treat Plaintiff's knee injury, knee tumor, osteoarthritis, and pain pursuant to 28 U.S.C. § 1367, this is not the end of the matter.

Under Illinois law, a plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. §5/2-622(a) (West 2013).[1]

---

[1] The August 25, 2005, amendments to a prior version of this statute were held to be unconstitutional in 2010. *Lebron v. Gottlieb Mem. Hosp.*, 930 N.E.2d 895 (Ill. 2010) (Holding P.A. 94-677 to be

A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2-622(b).

Failure to file the required certificate/affidavit is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2-622(g); *Sherrod v. Lingle*, 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod*, 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with section 2-622 before her action is dismissed with prejudice.'" *Id.*; *see also Chapman v. Chandra*, Case No. 06-cv-651-MJR, 2007 WL 1655799, at *4-5 (S.D. Ill. June 5, 2007).

In the instant case, Plaintiff has failed to file the necessary affidavit/certificate and report. Therefore, the claim in Count 2 shall be dismissed. However, the dismissal shall be without prejudice at this time, and Plaintiff shall be allowed 35 days (on or before **November 22, 2014**) to file the required affidavit. Should Plaintiff fail to timely file the required affidavits, the dismissal of Count 2 shall become a dismissal with prejudice. *See* FED. R. CIV. P. 41(b).

### Pending Motion

Plaintiff has filed a motion for attorney representation (Doc. 5), which shall be referred to **United States Magistrate Judge Donald G. Wilkerson** for a decision.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for

---

unconstitutional in its entirety). After *Lebron*, the previous version of the statute continued in effect. *See Hahn v. Walsh*, 686 F. Supp. 2d 829, 832 n.1 (C.D. Ill. 2010). The Illinois legislature re-enacted and amended 735 ILL. COMP. STAT. §5/2-622 effective January 18, 2013 (P.A. 97-1145), to remove any question as to the validity of this section. *See* notes on Validity of 735 ILL. COMP. STAT. §5/2-622 (West 2013).

failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that Defendant **ILLINOIS DEPARTMENT OF CORRECTIONS** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted against this defendant.

**IT IS FURTHER ORDERED** that as to the medical malpractice claim in **COUNT 2** against Defendant **DR. CALDWELL**, Plaintiff shall file the required affidavit pursuant to 735 ILL. COMP. STAT. § 5/2-622, within 35 days of this order (on or before **November 22, 2014**). Further, Plaintiff shall timely file the required written report of a qualified health professional, in compliance with § 5/2-622. Should Plaintiff fail to timely file the required affidavit or report, **COUNT 2** shall be dismissed with prejudice.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANT DR. CALDWELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the

Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Donald G. Wilkerson** for further pre-trial proceedings.

Further, this entire matter is hereby **REFERRED** to **United States Magistrate Judge Wilkerson** for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: November 17, 2014**

*[signature]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**