IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELVIN K. CURRY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:14-cv-1161-NJR-DGW |
| | ) |
| DR. CALDWELL, | ) |
| | ) |
| Defendant. | ) |

### REPORT AND RECOMMENDATION

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge Nancy J. Rosenstengel pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the question of whether Plaintiff exhausted his administrative remedies prior to filing this lawsuit, as required by the Prison Litigation Reform Act, 28 U.S.C. § 1997e(a). For the reasons set forth below, it is **RECOMMENDED** the Motion for Summary Judgment filed by Defendant Caldwell (Doc. 30) be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

Plaintiff Elvin K. Curry, Jr., a former inmate of the Illinois Department of Corrections ("IDOC") filed this suit alleging Defendant Dr. Caldwell was deliberately indifferent to his medical needs while he was incarcerated at Vandalia Correctional Center ("Vandalia"). More specifically, after an initial screening pursuant to 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with an Eighth Amendment deliberate indifference claim against Defendant Curry for

allegedly failing to adequately treat Plaintiff's knee injury, knee tumor, osteoarthritis, and related pain (*id.*).

On March 27, 2015, Defendant filed a motion for summary judgment arguing Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit (Doc. 30). Based upon grievances and correspondence subpoenaed from Vandalia and the IDOC's Administrative Review Board ("ARB"), Defendant argues that although Plaintiff submitted two grievances related to treatment for his knee condition, neither grievance was properly submitted to the ARB.

The first grievance relevant to Plaintiff's pending claim is dated February 19, 2014 (Plaintiff's Grievances, Doc. 31-3, pp. 2-3). In this grievance, Plaintiff writes he was denied medical treatment by "Jessica" for his swollen and painful knee and was advised to put in a request for sick call (*Id.*). Plaintiff sought emergency review of the grievance from the Chief Administrative Officer ("CAO" -- usually the Warden) (*id.*). On February 28, 2014, the CAO determined that an emergency was not substantiated and directed Plaintiff to submit the grievance in the normal manner (*id.*). There is no indication that the CAO's determination was appealed to the ARB. However, the grievance was received by Plaintiff's counselor on March 3, 2014, and the counselor provided a response on the same date, denying Plaintiff's request for relief and advising him to put in for sick call (*id.*). Although Plaintiff could have requested a review of the counselor's decision by the Grievance Officer, there is no indication that Plaintiff submitted it for such a review.

The second grievance relevant to Plaintiff's pending claim is dated May 27, 2014. In this grievance, Plaintiff complains of extreme pain in his knee and asks that Defendant Caldwell give him a low bunk and crutches (Doc. 31-3, pp. 5-6; Doc. 31-4, pp. 4-5). The grievance was received by Plaintiff's counselor on May 29, 2014, and the counselor provided a response on the

same date (*id*.). The ARB received the grievance on June 6, 2014 (Doc. 31-3, p. 4; Doc. 31-4, p. 3). On August 11, 2014, the ARB responded to Plaintiff's grievance, indicating that he must provide a copy of the Grievance Officer's and CAO's response in order for it to consider his appeal (*id*.). The ARB never received any additional documentation related to this grievance.

In conjunction with the filing of his Motion for Summary Judgment, Defendant filed a Rule 56 Notice informing Plaintiff of the perils of failing to respond within the proper time frame of thirty days (Doc. 32). Defendant's Notice also informed Plaintiff that his failure to file a response by the deadline may, in the Court's discretion, be considered an admission of the merits of the motion (*id*.). Plaintiff has not responded to Defendant's motion.

## CONCLUSIONS OF LAW

### *Summary Judgment Standard*

Summary judgment is proper only if the moving party can demonstrate "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). *See also Ruffin-Thompkins v. Experian Information Solutions, Inc.,* 422 F.3d 603, 607 (7th Cir. 2005); *Black Agents & Brokers Agency, Inc. v. Near North Ins. Brokerage, Inc.*, 409 F.3d 833, 836 (7th Cir. 2005). The moving party bears the burden of establishing that no material facts are in genuine dispute; any doubt as to the existence of a genuine issue must be resolved against the moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970). *See also Lawrence v. Kenosha County*, 391 F.3d 837, 841 (7th Cir. 2004). A moving party is entitled to judgment as a matter of law where the non-moving party "has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." *Celotex*, 477 U.S. at 323. "[A] complete failure of proof concerning an essential element of the nonmoving

party's case necessarily renders all other facts immaterial." *Id*. The Seventh Circuit has stated summary judgment "is the put up or shut up moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)).

*Exhaustion Requirements under the PLRA*

> The Prison Litigation Reform Act provides:
>
> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.*, 182 F.3d 532, 534-535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock*, 549 U.S. 199, 216 (2007); *Dole v. Chandler*, 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. See *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id*. at 90, (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo*, which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. In *Pavey*, the Seventh Circuit instructed District Courts to conduct a hearing to determine whether a Plaintiff has

exhausted his remedies. *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008). If a Plaintiff has exhausted his remedies, the case will proceed on the merits. If, however, a Plaintiff has not exhausted, the Court may either allow Plaintiff to exhaust or terminate the matter.

*Exhaustion Requirements under Illinois Law*

Under the procedures set forth in the Illinois Administrative Code, an inmate must first attempt to resolve a complaint informally with his Counselor. ILL. ADMIN. CODE TIT. 20, § 504.810(a). If the complaint is not resolved, the inmate may file a grievance within 60 after the discovery of the incident, occurrence, or problem that gives rise to the grievance. *Id*. § 504.810(b). The grievance officer is required to advise the CAO at the facility in writing of the findings on the grievance. *Id*. § 504.830(d). The CAO shall advise the inmate of the decision on the grievance within two months of it having been filed. *Id*. § 504.830(d). An inmate may appeal the decision of the CAO in writing within 30 days to the ARB for a final decision. *Id*. § 504.850(a). *See also Dole v. Chandler*, 438 F.3d 804, 806-07 (7th Cir. 2006). An inmate's administrative remedies are not exhausted until the appeal is ruled on by the ARB. *See Id*. The ARB shall make a final determination of the grievance within six months after receipt of the appealed grievance, where reasonably feasible under the circumstances. *Id*. § 504.850(f).

An inmate may request a grievance be handled as an emergency by forwarding it directly to the CAO. If the CAO determines there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance shall be handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender indicating what action shall be taken. *Id*. § 504.840. If, after receiving a response from the CAO, an offender feels the grievance has not been resolved, he may appeal in writing to the ARB within 30 days after the date of the CAO's decision. *Id*. § 504.850(a).

An inmate is required to exhaust only those administrative remedies available to him. *See* 42 U.S.C. § 1997e(a). The Seventh Circuit has held that administrative remedies become "unavailable" when prison officials fail to respond to inmate grievances. *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002); *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005). The availability of a remedy does not depend on the rules and regulations as they appear on paper, but on "whether the paper process was in reality open for the prisoner to pursue." *Wilder v. Sutton*, 310 Fed.Appx. 10, 13 (7th Cir. 2009). If further remedies are unavailable to the prisoner, he is deemed to have exhausted. *Id*. Prisoners are required only to provide notice to "responsible persons" about the complained of conditions. *See Wilder*, 310 Fed.Appx. at 15 (citing *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006)). An inmate forfeits the grievance process, however, when he causes the unavailability of a remedy by not filing or appealing a grievance. *See Kaba*, 458 F.3d at 684.

*Discussion*

Pursuant to Local Rule, a party's failure to file a timely response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion. SDIL-LR 7.1(c). In this case, Plaintiff has not filed a response to Defendant's Motion for Summary Judgment. Plaintiff was properly notified of his responsibility to do so, and was given ample time and opportunity. In these circumstances, a hearing to resolve factual disputes is not necessary, as Plaintiff has not contested the issue of exhaustion. *See Pavey*, 544 F.3d 739.

Based on the evidence submitted by Defendant in support of his Motion for Summary Judgment, it is recommended that the Court find Plaintiff did not exhaust his administrative remedies prior to filing suit. Plaintiff has provided no evidence to dispute Defendant's evidence

and assertions in Defendant's Motion. Accordingly, there is no evidence to show that Plaintiff ever exhausted, or attempted to exhaust, his administrative remedies prior to filing this suit.

Plaintiff filed two grievances concerning medical treatment he received while incarcerated at Vandalia. Based on a review of the available evidence, it is apparent the February 19, 2014 grievance is insufficient to establish exhaustion. If Plaintiff felt the grievance was not resolved after receiving the CAO's response on the emergent nature of his grievance, he could have appealed this decision to the ARB within thirty days after the date of the CAO's decision. It appears the grievance was neither sent nor received by the ARB for consideration. As such, there was no final determination on the merits of this grievance. Moreover, although it is apparent that Plaintiff submitted this grievance to his counselor for review, once he received the counselor's response, there is no indication he submitted it to the Grievance Officer for review, as required by the Illinois Administrative Code. For these reasons, the February 19, 2014 grievance is insufficient to establish exhaustion for Plaintiff's claim in this lawsuit.

Plaintiff's grievance dated May 27, 2014 is similarly insufficient to establish exhaustion in this case. The ARB received this grievance on June 6, 2014. Plaintiff's grievance includes the counselor's response, but does not demonstrate that Plaintiff appealed the counselor's decision to the Grievance Officer or the CAO; rather it appears Plaintiff appealed the counselor's decision directly to the ARB. Further, the ARB requested additional information from Plaintiff, including responses from the Grievance Officer and CAO, to which it never received any response. As Plaintiff did not wait for the ARB to issue its final determination prior to filing this lawsuit, the Court finds the May 27, 2014 grievance is insufficient to establish exhaustion for Plaintiff's claims in this lawsuit.

## RECOMMENDATIONS

For the foregoing reasons, it is hereby **RECOMMENDED** that the Motion for Summary Judgment filed by Defendant Caldwell (Doc. 30) be **GRANTED**; that the Court **FIND** Plaintiff did not exhaust his administrative remedies prior to filing suit; that this action be **DISMISSED WITHOUT PREJUDICE**; and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto. The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals. *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATE: June 12, 2015**

**DONALD G. WILKERSON**
**United States Magistrate Judge**