IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ELVIN K. CURRY, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 14-CV-1161-NJR-DGW |
| | ) |
| DR. CALDWELL, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge Donald G. Wilkerson (Doc. 33), which recommends that the undersigned grant Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 30) and dismiss this matter without prejudice to refiling.

Plaintiff Elvin Curry, a former inmate of the Illinois Department of Corrections, filed this lawsuit on February 11, 2014, alleging that Defendant Dr. Reynal Caldwell was deliberately indifferent to his medical needs while he was incarcerated at Vandalia Correctional Center (Doc. 1).  Specifically, Plaintiff claims that during his incarceration at Vandalia he was denied adequate medical care for a knee injury, knee tumor, and osteoarthritis.  The Court conducted a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, and Plaintiff's claim against Dr. Caldwell survived threshold review (Doc. 14).

On March 27, 2015, Defendant Caldwell moved for summary judgment arguing that Curry failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997(e) (Doc. 30). Plaintiff has not filed a response in opposition to the Motion for Summary Judgment. Magistrate Judge Wilkerson determined that an evidentiary hearing on the issue of exhaustion, as outlined in *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), was unnecessary (Doc. 33). On June 12, 2015, Magistrate Judge Wilkerson issued the Report and Recommendation currently before the Court (Doc. 33). Objections to the Report and Recommendation were due on or before June 29, 2015. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); SDIL-LR 73.1(b). Neither party filed an objection.

Where timely objections are filed, this Court must undertake a *de novo* review of the Report and Recommendation. 28 U.S.C. ' 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b); SDIL-LR 73.1(b); *Harper v. City of Chicago Heights*, 824 F. Supp. 786, 788 (N.D. Ill. 1993); *see also Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). Where neither timely nor specific objections to the Report and Recommendation are made, however, this Court need not conduct a *de novo* review of the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985). Instead, the Court should review the Report and Recommendation for clear error. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The judge may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court has carefully reviewed the briefs and exhibits submitted as well as Magistrate Judge Wilkerson's Report and Recommendation. Following this review, the

Court fully agrees with the findings, analysis, and conclusions of Magistrate Judge Wilkerson and adopts the Report and Recommendation in its entirety.

Plaintiff filed two grievances concerning medical treatment he received while incarcerated at Vandalia. Based on a review of the available evidence, it is apparent that neither the February 19, 2014, nor the May 27, 2014, grievance is sufficient to establish exhaustion. It is well established that an inmate cannot file suit first, then reach administrative exhaustion second. *See Cannon v. Washington*, 418 F.3d 714, 719 (7th Cir. 2005). Because Plaintiff did not fully exhaust his administrative remedies prior to filing suit, the case must be dismissed.

For this reason, the Court **ADOPTS** Magistrate Judge Wilkerson's Report and Recommendation (Doc. 33), and **GRANTS** Defendant's Motion for Summary Judgment for Failure to Exhaust Administrative Remedies (Doc. 30). This case is **DISMISSED without prejudice** for failure to exhaust administrative remedies. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

IT IS SO ORDERED.

DATED:  June 30, 2015

                                              s/ Nancy J. Rosenstengel
                                              NANCY J. ROSENSTENGEL
                                              **United States District Judge**